IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| T. SHARNAI THOMPSON, MARK DYER, and TAMMY DYER | § § § | |
| vs. | § § § | Civil Action No. 4:06cv154 (Judge Schneider/Judge Bush ) |
| DIAMOND STATE INSURANCE COMPANY, NATIONAL EQUINE ADJUSTING, INC., and, JACKIE STARNES d/b/a STARNES INSURANCE AGENCY | § § § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Defendant Jackie C. Starnes d/b/a Starnes Insurance Agency ("Starnes") has filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to FED. R. CIV. P. Rule 12(b)(2). (Docket No. 11). Having considered the motion and Plaintiffs' Response, the Court finds as follows.

Starnes is a resident of South Carolina and is licensed to sell insurance in South Carolina. He also holds 'non-resident' licenses in other states, including Texas. Around 1990, Plaintiffs purchased their first insurance policy to cover their horses. Starnes was their agent. At the time, Plaintiffs and Starnes were residents of South Carolina. During subsequent years, Plaintiffs continued to renew their policy. Sometime prior to 2003, Plaintiffs moved to Las Vegas, Nevada. At some point in time, Plaintiffs acquired property in Denton County, Texas, and were citizens of Texas for diversity purposes when this suit was filed.

The policy subject of this lawsuit is a renewal policy that became effective on May 21,

2004. At that time, Plaintiffs' address and place of business was in Nevada.[1] All communications concerning the policy's renewal took place between the parties in Nevada and South Carolina. In December 2004, a horse that was covered by the policy was injured on the property in Denton County. Diamond State Insurance Company ("Diamond"), which wrote the policy, denied Plaintiffs' claim. Thereafter, Plaintiffs filed suit against Starnes, Diamond, and National Equine Adjusting, Inc.("NEA") in the 16th Judicial District Court of Denton County, Texas for denial of the claim alleging violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and asserting claims for breach of contract and fraud. Plaintiffs seek economic damages, exemplary damages, and attorney's fees. On April 17, 2006, Defendants removed the action to this Court and Defendant Starnes subsequently filed a Motion to Dismiss for Lack of Personal Jurisdiction. At the time the lawsuit was filed in state court and at the time of removal, Plaintiffs were individual citizens residing in Texas.

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists. *Silicon Solar Housing Solutions, Inc. v. Farrell*, 2007 WL 162772, n.1 (N.D.Tex., 2007), citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). When the district court decides the defendant's motion without an evidentiary hearing, the plaintiff's burden is met by establishing a prima facie case. *Id., citing WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989); *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982). Plaintiff's allegations are taken as true except to the extent that they are contradicted by

---

[1] Plaintiffs operated the Nascar Café in Las Vegas, Nevada. (Starnes Affidavit, ¶ 4 & 5).

2

defendant's affidavits. *Wilson,* 20 F.3d at 648; *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n. 3 (5th Cir. 1977).

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that it would be amenable to the personal jurisdiction of a state court in the same forum. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction. *Id.* Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Helicopteros*, 638 S.W.2d at 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal due process inquiry. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n. 1; *see also* TEX. CIV. PRAC. & REM. CODE. ANN. § 17.041 et seq. (Vernon 1997) (Texas long-arm statute).

To satisfy due process, (1) the nonresident defendant must have minimum contacts with the forum state, and (2) the contacts must be such that jurisdiction over the defendant does not offend traditional notions of fair play and justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980). Minimum contacts are established by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 415, 104 S.Ct. 1868 (1984); *Bullion*, 895 F.2d at 216.

If minimum contacts are established, the next step in the due process analysis is determining whether exercising jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Ham v. La Cienega Music Co.*, 4 F.3d 413 (5th Cir. 1993); *Gulf Consol. Servs., Inc. v. Corinth Pipeworks, S.A.,* 898 F.2d 1071 (5th Cir. 1990) (employing a two prong analysis). In making this determination, the Supreme Court has instructed the courts to consider whether the contacts are such that the nonresident should reasonably anticipate being haled into court there. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

**Specific Jurisdiction**

Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *J.R. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and citations omitted). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1015 (1987).

Plaintiffs argue that because the horse was injured on the land they own in Texas, this constitutes contact directly related to the cause of action. Defendant's mere knowledge of the plaintiff's domicile is insufficient for personal jurisdiction without evidence that defendant has expressly directed allegedly tortious activity at the forum. *Addison Ins. Mktg, Inc. v. Evans* 2002 WL 31059806, n. 6 (N.D.Tex.); *See Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772-773

(5th Cir.1988); *Hoffman Intern. Props. v. Sullivan*, 1999 WL 451340 n. 5 (N.D. Tex). Plaintiffs' acquisition of property in Texas was a unilateral activity that took place after the policy was in effect. Defendant's contacts with Texas were merely incidental to Plaintiffs' conduct. Therefore, because the entire transaction (renewing the policy) took place solely by communications between South Carolina and Nevada and Plaintiffs' acquisition of property in Texas was unilateral, Plaintiffs fail to establish specific jurisdiction.

**General Jurisdiction**

General jurisdiction exists when a nonresident defendant has continuous and systemic contacts with the forum state. *Helicopteros,* 466 U.S. at 414. Cases interpreting general jurisdiction suggest minimum contacts must be substantial. *Id.* at 415-17 (no general jurisdiction where defendant traveled to Texas to negotiate the sale of helicopters, regularly purchased them in Texas, and sent pilots to Texas for training); *see also Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061 (5th Cir. 1992). Although holding a non-resident insurance license suggests purposeful conduct aimed at a forum state, contacts must still be substantial. *Nat'l Union Fire Ins. Co. v. IFP&C Ins., Ltd.,* 2005 WL 1639282 (N.D. Tex.) (license to sell surplus lines of insurance was little more than a registration which subjected the company to service but was wholly separate from the question of whether there were substantial contacts for general jurisdiction); *see also Int'l Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 809-10 (Tex.App.-Fort Worth 1994, writ denied) (no general jurisdiction although defendants maintained Texas insurance license because only 0.2% of defendants' business was performed in Texas); *and Holt Oil,* 801 F.2d at 779 ("great deal of business" transacted by defendant in Texas weighs in favor of exercise of general jurisdiction).

According to Starnes's affidavit, he has no office in Texas, does not directly advertise his

services in Texas, has no employees in Texas, and owns no real property in Texas. Plaintiffs do not dispute this but argue that maintaining the non-resident insurance license constitutes purposeful contact aimed at Texas and that such contact is continuous because this allows for renewal of the original policies. Defendant argues he maintains a non-resident insurance license in Texas to accommodate customers with property in the state. According to Defendant's *affidavit*, 1.7% (148 of 8,566) of the policies written over the past five years have come from clients who have property in Texas or are residents of Texas. Out of those 148 policies, ten originated with clients who relocated from South Carolina to Texas and the remainder of the policies resulted from clients Defendant met at horse shows in other states.

Plaintiffs allege that Defendant has made 'several trips' to Texas, and that presumably, part of the purpose of these trips was business networking. Plaintiffs also assert that "Defendant Starnes admits he attends horse shows in Texas where he meets clients who call him about insurance in Texas." (Pl.'s Resp. p. 9). According to Defendant's affidavit, Starnes did take several trips (several years ago) to take his son to a youth world horse event and to look at, buy, or judge horses. However, Starnes has physically been to Texas less than ten times in the last ten years and none of the trips were for business. (Starnes Aff. p. 2). Plaintiffs' interpretation of Defendant's actions are contradicted by Starnes's affidavit. Here, contacts with Texas have been sporadic or minimal. Plaintiffs present no persuasive evidence supporting that the quality and nature of the activity with relation to Texas justifies the assumption of jurisdiction over Starnes. *Mississippi Interstate Exp., Inc. v. Transp. Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

Plaintiffs finally argue that while Starnes does not advertise in regional horse magazines, he does so in national publications which target Texas and this constitutes purposeful contact. The

Court finds this argument has no merit. The fact that Defendant has engaged in a nation-wide advertising program does not support a finding of general jurisdiction. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987). Here, the course of action does not relate to Starnes's contacts with the forum.

The Court finds Defendant's contacts with Texas were not substantial enough to establish general jurisdiction. Any contacts with Texas clients were merely incidental to his existing business in South Carolina. *See British Aviation Ins. Group v. Am. Eurocopter Corp.*, 1997 WL 118425 (N.D. Tex.).

Based on the foregoing, Plaintiffs have not met the burden for establishing sufficient minimum contacts for purposes of personal jurisdiction, therefore, the Court does not need to determine whether the exercise of personal jurisdiction would comport with notions of fair play and substantial justice.

### Recommendation

It is the Court's recommendation that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be GRANTED and that Defendant Starnes be DISMISSED WITHOUT PREJUDICE.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of February, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE